IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**DEREK PHILLIPS,**

    **Petitioner,**

    v.                        **CIVIL ACTION NO. 5:06cv159**
                                   **(Judge Stamp)**

**WARDEN JOYCE FRANCIS,**

    **Respondent.**

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On December 14, 2006, the *pro se* petitioner filed an Application for Habeas Corpus pursuant to 28 U.S.C. §2241. The petitioner is an inmate at the Gilmer Federal Correctional Institution challenging the validity of a sentence imposed in the United States District Court for the Northern District of West Virginia. The petitioner attacks the validity of his sentence via a §2241 petition arguing that his sentence is void because he was charged in an information rather than an in an indictment returned by a duly sworn and empaneled grand jury. This matter is pending before me for an initial review and Report and Recommendation pursuant to LR PL P 83.09.

### II. FACTS

On April 18, 2003, the petitioner entered a guilty plea in the United States District Court for the Northern District of West Virginia pursuant to a plea agreement executed the same date. Specifically, the petitioner pleaded guilty to (1) conspiracy to travel in interstate commerce in aid of a racketeering enterprise in violation of 18 U.S.C. Section 371; and (2) traveling in interstate commerce in aid of a racketeering enterprise in violation of 18 U.S.C. Section 1952. On July 7, 2003,

the petitioner was sentenced to a total of 120 months incarceration, three years Supervised Release, and a $200.00 Special Assessment Fee.

### III. ANALYSIS

In his petition, the petitioner attacks the validity of his sentence rather than the means of execution and seeks release from his "invalid" sentence. A review of the petitioner's criminal case shows that petitioner has NOT applied for relief under 28 U.S.C. §2255 in the sentencing court.[1] Thus, it is clear that petitioner is now pursuing relief in this court under §2241 because filing a motion under §2255 in the sentencing court would be barred as untimely. See 28 U.S.C. §2255. However, under these circumstances, petitioner is expressly precluded by §2255 from pursuing any relief under §2241. Section 2255 states that an application such as the petitioner's "shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court denied him relief..."

Nor, is petitioner entitled to avoid the preclusive effect of that prohibition by invoking the "savings clause" in §2255 which permits relief to be sought under §2241 if it "appears that the remedy by motion [under §2255] is inadequate or ineffective to test the legality of his detention." The law is clearly developed, however, that merely because relief has become unavailable under §2255 because of a limitation bar, the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal, does not demonstrate that the §2255 remedy is inadequate or ineffective. In re Vial, 115 F. 3d 1192, 1194 (4th Cir. 1997).

The Fourth Circuit has examined the prerequisites for finding that §2255 is an inadequate or ineffective remedy. In the case of In re Jones, 226 F.3d 328 (4th Cir. 2000), the Fourth Circuit concluded that:

---

[1]See United States v. Derek Phillips, 5:03-cr-6 (N.D. WV 2003).

> §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of §2255 because the new rule is not one of constitutional law.[2]

Id. at 333-34.

There is nothing in the petitioner's § 2241 petition which demonstrates that he meets the Jones requirements. Therefore, the petitioner has not demonstrated that §2255 is an inadequate or ineffective remedy, and he has improperly filed a §2241 petition.

## IV. **RECOMMENDATION**

Based on the foregoing, the undersigned recommends that the petitioner's §2241 petition be **DENIED and DISMISSED WITH PREJUDICE**.

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C.

---

[2]The "gatekeeping" requirements provide that an individual may only file a second or successive §2255 motion if the claim sought to be raised presents:
(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.
28 U.S.C. § 2255; see Jones, 226 F.3d at 330.

§ 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert. denied,</u> 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner.

DATED: March 5, 2007

      /s/ James E. Seibert
      JAMES E. SEIBERT
      UNITED STATES MAGISTRATE JUDGE