IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DEREK PHILLIPS,

    Petitioner,

v.                                        Civil Action No. 5:06CV159
                                                    (STAMP)

WARDEN JOYCE FRANCIS,

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.    Background

The pro se[1] petitioner, Derek Phillips, entered a plea of guilty in the United States District Court for the Northern District of West Virginia to conspiracy to travel in interstate commerce in aid of a racketeering enterprise, in violation of 18 U.S.C. § 371, and to traveling in interstates commerce in aid of a racketeering enterprise, in violation of 18 U.S.C. § 1952. The petitioner was sentenced to 120 months imprisonment. The petitioner did not file an appeal, nor did he file a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. Instead, the petitioner filed an application in this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In the petition, the petitioner asserts three grounds for relief, all of which challenge the validity of his sentence. All three grounds

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1237 (7th ed. 1999).

assert, in different ways, that his sentence is invalid because he pled guilty to an information rather than to an indictment returned by a duly sworn and empaneled grand jury.

This matter was referred to United States Magistrate Judge James E. Seibert for a report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 83.09. The magistrate judge issued a report and recommendation recommending that the petitioner's § 2241 petition be denied and dismissed with prejudice. The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within ten days after being served with a copy of the magistrate judge's recommendation.

The petitioner filed timely objections. For the reasons set forth below, this Court finds that the report and recommendation by the magistrate judge should be affirmed and adopted in its entirety.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 458 F. Supp. 825 (E.D. Cal. 1979). Because the petitioner has filed objections, this Court will undertake a de novo review as to those

portions of the report and recommendation to which objections were made.

### III. Discussion

In his § 2241 petition, the petitioner is attacking the validity of his sentence on 491 separate grounds for relief. The magistrate judge recommended to this Court that the petitioner's § 2241 petition be dismissed because the petitioner's claims are not properly raised under § 2241 by challenging the manner in which his sentence is being executed. Specifically, the magistrate judge found that the petitioner is expressly precluded from pursuing any relief under § 2241 because he did not first file a § 2255 motion in the sentencing court. Moreover, the magistrate judge found that the petitioner cannot invoke the savings clause in § 2255, permitting relief to be sought under § 2241, because the petitioner's § 2241 petition does not meet all of the necessary requirements.

In his objections to the magistrate judge's report and recommendation, the petitioner reasserts his belief that a § 2241 petition is proper because the requirements set forth in the decision by the United States Court of Appeals for the Court Circuit in its decision in In re Jones, 226 F.3d 328 (4th Cir. 2000), upon which the magistrate judge relied, are "oppressive and arbitrary." (Pet'r's Objections to Report and Recommendation at 1.) In essence, the petitioner seems to argue that In re Jones is wrong and that, therefore, this Court should not follow it.

3

This Court agrees with the magistrate judge that the petitioner has improperly filed a § 2241 motion. A § 2241 motion is used to attack the manner in which a sentence is executed. See Preiser v. Rodriquez, 411 U.S. 475, 499-500 (1973). In his petition, however, the petitioner is challenging the validity of his conviction and sentence.

A federal prisoner may seek relief pursuant to 28 U.S.C. § 2241 when a petition pursuant to § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997). However, the remedy afforded under § 2241 is not inadequate or ineffective simply because relief under § 2255 is unavailable due to a limitation bar, the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal. In re Vial, 115 F.3d at 1194 n.5 (citing Tripati v. Henman, 843 F.3d 1160, 1162 (9th Cir. 1988)). Rather, a § 2255 is inadequate and ineffective to test the legality of a conviction when:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328 (4th Cir. 2000).

Here, the petitioner has failed to establish the elements required by Jones. Accordingly, this Court finds that the

4

magistrate judge's report and recommendation should be affirmed and adopted in its entirety.

## IV. Conclusion

Based upon a de novo review, this Court finds that the report and recommendation of the magistrate judge should be, and is hereby AFFIRMED and ADOPTED in its entirety. Accordingly, for the reasons set forth above, the petitioner's § 2241 petition is DENIED and DISMISSED WITH PREJUDICE. It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 30 days after the date that the judgment order in this case is entered. See Fed. R. App. P. 4(a)(1). He is further advised that a certificate of appealability is not required for a federal prisoner proceeding under 28 U.S.C. § 2241. See 28 U.S.C. § 2253(c) (certificate of appealability is required in a § 2255 proceeding or in a habeas corpus proceeding in which the detention complained of arises from process issued by a State court); see also Fed. R. App. P. 22; Drax v. Reno, 338 F.3d 98, 106 n.12 (2d Cir. 2003).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil

Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

        DATED:    March 23, 2009

                                      /s/ Frederick P. Stamp, Jr.
                                      FREDERICK P. STAMP, JR.
                                      UNITED STATES DISTRICT JUDGE